UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FAOUR ABDALLAH, FRAIHAT, | ) | Case No. 06cv1452-JM (BLM) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS'** |
| v. | ) | **MOTION TO COMPEL** |
| | ) | |
| COHEN, UNIT MANAGER AT CCA; et al., | ) | [Doc. No. 47] |
| | ) | |
| Defendants. | ) | |

On September 19, 2007, Defendants sought leave to file a motion to compel production of documents. Doc. No. 46. On September 24, 2007, the Court granted Defendants' request and ordered the Clerk's Office to file the motion to compel, which was attached to the application for leave. Doc. No. 48. Pursuant to the briefing schedule set by the Court, Plaintiff timely opposed the motion [Doc. No. 55], and Defendants filed a reply on October 16, 2007 [Doc. No. 53]. The Court found the motion suitable for decision on the papers without oral argument and took the matter under submission pursuant to Civil Local Rule 7.1(d)(1). Doc. No. 48.

Having considered all of the briefing and supporting documents presented, and for the reasons set forth below, Defendants' motion to

compel [Doc. No. 47] is **GRANTED**.

## BACKGROUND

Plaintiff initiated this action against several employees of Corrections Corporation of America ("CCA") pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Compl. at 1. Plaintiff, a civil immigration detainee who previously was detained at CCA's San Diego Correctional Facility and now is being held by Immigration and Customs Enforcement at its El Centro Processing Center, alleges that (1) Defendants Cohen and Lebya-Gonzales interfered with his First Amendment right of legal access by delaying his legal mail, which proximately caused Plaintiff to lose his immigration appeal, (2) Defendant Clover humiliated and retaliated against him for utilizing the facility's grievance process, and (3) Defendants Soria, Clover, Howard and Easterling violated Plaintiff's Fifth Amendment Due Process rights by failing to interview witnesses and give him a formal hearing on his grievances. <u>Id.</u> at 5-8. As a result of these alleged violations, Plaintiff maintains that he is suffering from "serious mental stress" and, accordingly, seeks $7,000,000.00 in damages. <u>Id.</u> at 5, 8.

On June 8, 2007, Defendants served Plaintiff with their first set of requests for production of documents. Mem. P. & A. Supp. Defs.' Mot. to Compel ("Defs.' Mem.") at 2. Plaintiff responded to these requests on August 6, 2007, but objected to Request for Production Nos. 1, 2 and 6, which sought Plaintiff's institutional and immigration records[1], on

---

[1] Request for Production No.1 states: "Please sign and have notarized the enclosed institutional file releases from the following entities: (a) United States Immigration and Customs Enforcement, (b) United States Marshals Service, (c) United States Department of Justice, and (d) Department of Homeland Security." Defs.' Mem.,

the grounds that the requested records contain "confidential documents" and "are not relevant to this case." Id. at 2, Ex. 2 at 2. After meeting and conferring unsuccessfully with Plaintiff in an effort to resolve the parties' dispute over the requests for which Plaintiff served objections, Defendants filed the instant motion to compel.

## LEGAL STANDARD

The scope of discovery is defined by Federal Rule of Civil Procedure 26(b). Pursuant to that rule, litigants may obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. Id. District courts enjoy broad discretion both to determine relevancy for discovery purposes, see Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and to limit discovery to prevent its abuse, see Fed. R. Civ. P. 26(b)(2) (instructing that courts may limit discovery where it is "unreasonably cumulative or duplicative," "obtainable from some other source that is more convenient, less burdensome, or less expensive," or where its burden or expense "outweighs its likely benefit").

///

///

---

Ex. 1 at 3. Request for Production No. 2 states: "Please produce the entire court file: *In re: FRAIHAT, Faour Abdallah, In Removal Proceedings*, Case No. A76 697 069; 93 167 376, United States Department of Justice, Immigration Review and Appeals." Id., Ex. 1 at 4. Request for Production No. 6 states: "Please produce each and every institutional file from each and every correctional facility in which YOU have been detained/incarcerated." Id., Ex. 1 at 5.

## DISCUSSION

In the instant motion, Defendants seek an order compelling Plaintiff to produce all of his institutional records, which include records regarding his medical history, disciplinary history, and past immigration proceedings. Defs.' Mem. at 3. To facilitate this production, Defendants have requested that Plaintiff sign releases authorizing the institutions where he has been detained for either criminal or immigration reasons to provide Defendants with his records. Id. at 3-4. Defendants contend that to the extent Plaintiff seeks compensatory damages for emotional distress, his medical records are relevant to the issue of whether Defendants' conduct, in fact, caused Plaintiff's emotional distress symptoms or whether he had preexisting emotional distress issues. Id. Also relevant in Defendants' view is whether or not Plaintiff has continued to seek treatment for his mental distress. Id. at 4.

Defendants contend that Plaintiff's other institutional records are relevant to determine whether Plaintiff has a prior history of similar claims and/or problems concerning mail processing issues, grievance process issues or disciplinary issues. Id. Specifically in regard to Plaintiff's disciplinary history, Defendants note that Plaintiff has claimed in this lawsuit that he was subject to segregation based upon false disciplinary write-ups created in retaliation for his filing grievances and lawsuits. Id. Defendants contend that the extent of Plaintiff's institutional disciplinary history at other institutions is, therefore, relevant to Defendants' defense that Plaintiff's corrective history is a product of his pattern of repeated disciplinary violations, not retaliation. Id.

///

1    Finally, to the extent these immigration records are not included
2 in Defendants' first and sixth production requests, Defendants' Request
3 for Production No. 2 specifically seeks the complete court files for "*In
4 re: FRAIHAT, Faour Abdallah, In Removal Proceedings*, Case No. A76 697
5 069; 93 167 376, United States Department of Justice, Immigration Review
6 and Appeals."  Id., Ex. 1 at 4.  Defendants argue that Plaintiff's
7 immigration records are relevant to determine whether, but for the delay
8 in postage, the Board of Immigration Appeals would have granted
9 Plaintiff's motion to reconsider.  Id. at 3.  It is Defendants' belief
10 that the immigration files will show that the motion would have been
11 denied regardless and that any error in delaying Plaintiff's mail was,
12 therefore, harmless.  Id.
13    In his opposition to the motion to compel, Plaintiff states that he
14 "does not mind" if Defendants obtain his California Department of
15 Corrections and Department of Homeland Security medical records so long
16 as they also provide him with a copy.  Pl.'s Answering to Defs.' Mot. to
17 Compel ("Pl.'s Opp'n") at 2.  As for the other institutional records,
18 Plaintiff objects on the grounds that the requests call for confidential
19 documents that are not relevant to this case.  Id. at 2.  Additionally,
20 he states that his criminal and immigration files were sealed by a judge
21 and are not available for public access.  Id.  Plaintiff does not
22 provide any explanation or documentary evidence supporting this claim
23 that his records have been sealed.
24    As an initial matter, the Court finds that both Plaintiff's past
25 and current medical records are relevant and must be produced.  The
26 scope of discoverable information is broad — litigants may obtain
27 discovery regarding "any matter, not privileged, that is relevant to the
28 claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1).  Here,

Plaintiff has claimed seven million dollars worth of damages as a result of "serious mental stress." Compl. at 5, 8. Defendants therefore are entitled to investigate whether Plaintiff's symptoms pre-dated his confinement at their facility to support their potential defense that these symptoms are not attributable to Defendants' conduct. Additionally, whether or not Plaintiff has continued to seek treatment for his mental distress is directly relevant to the amount, if any, of damages. Particularly in light of the fact that Plaintiff no longer objects to the production of these documents, the Court finds that these documents are discoverable and **GRANTS** Defendants' motion as to Plaintiff's medical records.[2]

However, the Court finds no authority for granting Plaintiff's request that Defendant be required to provide Plaintiff with copies of his medical records. Defendants have not expressly agreed to do so and Plaintiff has provided no case law or statutory authority demonstrating that they are required to provide him with copies. While Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915 provides coverage only for the costs of service of process, printing the appellate record, and preparing transcripts of proceedings (where required by the district

---

[2] In Request for Production No. 6, Defendants request that Plaintiff "produce each and every institutional file from each and every correctional facility in which YOU have been detained/incarcerated." Defs.' Mem., Ex. 1 at 5. Though Defendants did not provide a release form for the CDC in connection with Request for Production No. 1, Defendants now request that Plaintiff also be ordered to execute an institutional and medical records release for the CDC. Id. at 4 n.12. Because Plaintiff specifically agreed to allow access to his CDC medical file and because this agreement is responsive to Request for Production No. 6 (regardless of whether or not Defendants attached a CDC release form to the requests), the Court also grants Defendants' request as to Plaintiff's CDC medical records.

court) — not routine discovery costs.  See 28 U.S.C. § 1915. Accordingly, to the extent Plaintiff seeks an order requiring Defendants to provide copies of all medical records obtained, Plaintiff's request is **DENIED**.[3]

In regard to Plaintiff's disciplinary and immigration records, the Court finds that Plaintiff's institutional records are directly relevant to Plaintiff's claims and Defendants' defenses.  Under Rule 26, Defendants may request any and all information "reasonably calculated to lead to the discovery of admissible evidence." Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992).  The Court agrees that records from institutions where Plaintiff has been detained, which demonstrate whether or not Plaintiff has experienced or claimed mail processing issues, grievance process issues or disciplinary issues, would be probative as to Plaintiff's credibility and the robustness of his claims in this case.  For instance, as Defendants point out, a finding that Plaintiff has a long history of causing disciplinary problems would tend to undermine his claim that Defendant Clover's alleged threat to place him on administrative segregation was an attempt to retaliate against him as opposed to a legitimate response to misconduct.  Similarly, Defendants cannot defend themselves against Plaintiff's claim that their delay in mailing Plaintiff's notice of appeal[4] to the Board of Immigration Appeals caused him to lose his case

---

[3] Plaintiff obviously is entitled to obtain copies of any documents received by Defendants from third parties but Plaintiff must pay the reasonable copying costs for such documents.

[4] Though Defendants refer to this as a "motion to reconsider" (Defs.' Mem. at 3), Plaintiff explains in his complaint that he sought to file a notice of appeal of the immigration judge's decision and he attaches the referenced notice. See Compl.

(or seek to mitigate their damages) without reviewing the records of Plaintiff's appeal to determine his likelihood of success on the merits. Accordingly, Defendants are entitled to obtain the discovery necessary to defend against Plaintiff's claims.[5]  See Fed. R. Civ. P. 26(b)(1).

Contrary to Plaintiff's view, his confidentiality objections are insufficient to justify the withholding of relevant evidence. In fact, Rule 26(c) of the Federal Rules of Civil Procedure specifically contemplates that confidential information may be requested in discovery and provides various mechanisms for protecting the confidential nature of the documents without impeding the discovery process. See Fed. R. Civ. P. 26(c). Plaintiff has not sought protection under this rule, however, and the information Plaintiff has provided to date does not demonstrate that Plaintiff's disciplinary and immigration records warrant any heightened degree of protection. Plaintiff has provided no evidence to support his assertion that his disciplinary and immigration records were "sealed" by some other judge nor has he explained in what context or proceeding this sealing occurred and why it binds this Court. Furthermore, to the extent Plaintiff has any expectation of

---

at 4 (and first attachment).

[5]   However, to the extent Defendants' briefing suggests that Defendants seek to obtain Plaintiff's immigration records in cases A 76 697 069 and A 93 167 376 for purposes of using them in cases pending before the Ninth Circuit (see Defs.' Mem. at 3), this is a wholly improper abuse of discovery, which this order does not authorize. Additionally, if the Certified Administrative Record of Plaintiff's case A 76 697 069 is, in fact, publicly available and thus equally available to Defendants, Defendants are hereby ordered to obtain that case file from the public record. See Fed. R. Civ. P. 26(b)(2)(C)(i) (the court shall limit discovery where the information sought is "obtainable from some other source that is more convenient, less burdensome, or less expensive").

confidentiality in his disciplinary or immigration records (Plaintiff has provided no authority to support such a notion), he has waived it by placing his disciplinary history and immigration status at issue via the claims in this case.  Accordingly, the Court finds that Plaintiff's disciplinary and immigration records must be produced.

### CONCLUSION

For the foregoing reasons, Defendants' motion to compel is **GRANTED**. Plaintiff is hereby ordered to:

(1) produce or make available to Defendants for copying any and all documents responsive to Request for Production Nos. 1, 2 and 6 that are within Plaintiff's possession, custody or control,

(2) execute all release forms necessary to effectuate the disclosure of his institutional records to Defendants from (a) United States Immigration and Customs Enforcement, (b) United States Marshals Service, (c) United States Department of Justice, (d) Department of Homeland Security, and (e) California Department of Corrections, and

(3) forward the executed release forms, together with Supplemental Responses to Defendants' First Request for Production Nos. 1, 2 and 6, to Defendants by **November 21, 2007**.

**Plaintiff is hereby warned that failure to comply with any of this Court's orders or the Federal Rules of Civil Procedure may result in the imposition of sanctions including monetary sanctions, evidentiary sanctions and/or the dismissal or default of your case.**

**IT IS SO ORDERED.**

DATED: November 7, 2007

*Barbara F. Major*
BARBARA L. MAJOR
United States Magistrate Judge

1  COPY TO:

2  HONORABLE JEFFREY T. MILLER
   U.S. DISTRICT JUDGE
3
   ALL COUNSEL