UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>COHEN/Unite Manager (ALFA) Unit; SORIA/Grievance Officer in charge; M. LEYBA-GONZALEZ/ Mail Room Supervisor; HOWARD/ Assistant Warden/CCA./SD; CLOVER/Assistant Warden; EASTERLING/Warden CCA./SD,<br><br>　　　　　　　　　　Defendants. | CASE NO. 06cv1452 JM(BLM)<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF ON ALL CLAIMS |

Defendants Cohen, Soria, Leyba-Gonzalez, Howard, Clover and Easterling move for summary judgment on each of Plaintiff's claims. Plaintiff opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants Defendants' motion for summary judgment on all claims. The Clerk of Court is instructed to close the file.

**BACKGROUND**

On July 18, 2006 Plaintiff commenced this action pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging that Defendants violated his First and Fifth Amendment rights. Plaintiff, an immigration detainee housed at Corrections Corporation of America's San Diego County Correctional Facility ("SDCF"), generally alleges that Defendants

1 delayed the mailing of his legal mail to the Board of Immigration Appeals ("BIA") and failed to
2 provide him with adequate grievance procedures.

3       On March 15, 2006 Plaintiff submitted a Notice of Appeal for mailing to defendant Cohen,
4 addressed to the BIA. (Compl. ¶14). The legal correspondence was mailed on March 20, 2006 and
5 did not reach the BIA until March 29, 2006, two days after the deadline for filing a Notice of Appeal.
6 The BIA dismissed Plaintiff's appeal as untimely. Id. Plaintiff requested that Cohen and Assistant
7 Warden Howard provide him with documentation that he timely submitted the Notice of Appeal for
8 mailing on March 20, 2006. They allegedly refused to provide such documentation. Id. He also
9 provided a copy of a grievance to INS Custodian Cerone but he did not respond to Plaintiff's request.

10       On April 9, 2006 Plaintiff "submitted a grievance against the law library stating that he was
11 being discriminated and mistreated by the law library staff." (Compl. ¶13). Plaintiff pursued his
12 administrative remedies and, on April 28, 2006, Plaintiff appeared before Assistant Warden Clover.
13 At that meeting, Plaintiff alleges that he "was humiliated by the Assistance Warden Clover and was
14 threatened to be placed on administrative segregation if he submitted another grievance." Id.

15       Based upon the late arrival of the Notice of Appeal to the BIA and the alleged misconduct
16 during administrative grievance procedures, Plaintiff alleges that Defendants violated his First
17 Amendment right of access to the courts and Fifth Amendment right to due process and equal
18 protection. Defendants move for summary judgment on all claims.

19       Procedurally, on May 18, 2007 the court granted the parties' joint motion to dismiss defendant
20 Anthony J. Cerone with prejudice. On September 24, 2007 Defendants filed the present motion for
21 summary judgment and, on October 2, 2007 the court provided Plaintiff with the required so-called
22 Klingele/Rand notice and set a briefing schedule on the motion for summary judgment. On several
23 occasions the parties requested and received additional time to conduct discovery. On May 8, 2008
24 the court received a document entitled "Plaintiff's Evidence to Support His Claim." This document
25 is subject to a motion to strike on the ground of untimeliness.

26 **DISCUSSION**

27 **Legal Standards**

28       A motion for summary judgment shall be granted where "there is no genuine issue as to any

material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Prison Legal News v. Lehman, 397 F.3d 692, 698 (9th Cir. 2005). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. (emphasis in original). The opposing party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (citation omitted). The opposing party also may not rely solely on conclusory allegations unsupported by factual data. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The court must examine the evidence in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Any doubt as to the existence of any issue of material fact requires denial of the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). On a motion for summary judgment, when "'the moving party bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence were uncontroverted at trial.'" Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992) (emphasis in original) (quoting International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992)).

**The First Amendment Claim**

The thrust of the first cause of action is that Defendants delayed mailing a Notice of Appeal such that it arrived after the time for appeal had elapsed. The Government comes forward with evidence to show that Plaintiff, on March 15, 2006, requested funds for postage to mail the Notice of Appeal to the BIA. Plaintiff's counselor and Defendant Cohen approved the release of funds the next day on Thursday, March 16, 2007, and the facility investigator approved the release of funds on Friday. (DSOF ¶¶ 4, 5). Plaintiff's mail request was processed the next business day, on Monday March 20, 2006. (DSOF ¶6). However, the BIA did not received the Notice of Appeal until March

1  29, 2007, two days after the 30 day period for filing the appeal had expired. The BIA denied the
2  motion to reopen as untimely on May 19, 2006. Plaintiff then filed a motion to reconsider the BIA's
3  denial of the motion. Plaintiff appealed that order to the Ninth Circuit. That appeal is still pending.

4  The court grants the motion for summary judgment in favor of Defendants. In Bounds v.
5  Smith, 430 U.S. 817 (1977), the Supreme Court held that "the fundamental constitutional right of
6  access to the courts requires prison authorities to assist inmates in the preparation and filing of
7  meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance
8  from persons who are trained in the law." Id. at 828. This issue was revisited and significantly
9  narrowed in Lewis v. Casey, 518 U.S. 343 (1996). In Lewis, the Arizona Department of Corrections
10 ("ADOC") appealed an injunction imposed by the District Court for the District of Arizona, and
11 upheld by the Ninth Circuit, requiring the ADOC to significantly upgrade their law library facilities.
12 The Supreme Court reversed because of the failure to find imminent actual injury resulting from
13 existing conditions. Id. at 349-51, 353 n.3. As such, Lewis is a significant reshaping of the right of
14 access to the courts in two respects: the clarification that every such claim must be founded upon
15 actual injury, and the restriction of the scope of the right to only certain types of claims.

16 "Although Bounds itself had made no mention of an actual-injury requirement," Lewis made
17 clear that actual injury is a "constitutional prerequisite" which not only ensures "serious and
18 adversarial treatment," but also "keeps the courts within certain traditional bounds vis-a-vis the other
19 branches, concrete adverseness or not." Id. at 351. "It is the role of courts to provide relief to
20 claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm;
21 it is not the role of courts, but that of the political branches, to shape the institutions of government
22 in such fashion as to comply with the laws and the Constitution." Id. at 349.

23 Further, the right of access is only guaranteed for certain types of claims: direct and collateral
24 attacks upon a conviction or sentence, and civil rights actions challenging the conditions of
25 confinement. Id. at 353. Even among these types of claims, actual injury will exist only if "a
26 nonfrivolous legal claim had been frustrated or was being impeded." Id. at 352 (emphasis added);
27 id. at 353 n.3 ("Depriving someone of an arguable (though not yet established) claim inflicts actual
28 injury because it deprives him of something of value -- arguable claims are settled, bought and sold.

1  Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except
2  perhaps the punishment of Rule 11 sanctions.").[1]

3  Thus, to state a claim for interference with the right of access to the courts, an inmate must
4  establish that inadequate facilities or interfering regulations have actually frustrated or impeded a non-
5  frivolous attack on either his sentence or the conditions of his confinement. Id. Plaintiff cannot meet
6  this burden here. Plaintiff has shown no actual injury nor has he demonstrated a cognizable
7  impediment to pursuing his motion to reopen. Actual injury involves some "specific instance in which
8  an inmate actually is denied access to the courts," such as a wrongful adverse outcome on a motion.
9  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir.
10 1994), cert. denied, 116 S. Ct. 91 (1995). Plaintiff does not establish any injury resulting from the late
11 delivery of his Notice of Appeal. In a pending appeal before the Ninth Circuit, Plaintiff continues to
12 pursue a remedy for the BIA's denial of the motion to reopen as untimely. Consequently, Plaintiff
13 fails to demonstrate the requisite injury to support a First Amendment claim.[2]

14 Moreover, Plaintiff fails to show that the delay in processing the mail was intentional, and not
15 merely negligent. See Simkins v. Bruce, 406 F.3d 1239, 1242 (9th Cir. 2005). Defendant Cohen
16 approved Plaintiff's request for funds on Thursday March 16, 2006. The request was for release of
17 funds was approved by the facility investigator on Friday, March 17, 2006. The following Monday,
18 March 20, 2006, the mail request was ultimately processed, seven days before the Notice of Appeal
19 was due before the BIA. There is no evidence to indicate that any defendant acted intentionally in
20 delaying the delivery of Plaintiff's legal mail. Consequently, Plaintiff cannot prevail on his First
21 Amendment denial of the right of access to the courts.

22 In sum, the court grants summary judgment in favor of Defendants on this claim.

23 **The Grievance Claim**

---

[1] For purposes of the present motion, the court concludes that Plaintiff has a First Amendment right of access to the courts to pursue an appeal from the denial of a motion to reopen.

[2] The court notes that the prisoner mailbox rule would appear to apply to the Notice of Appeal submitted to the BIA. Under the prisoner mailbox rule, the date upon which a prisoner transmits documents to prison authorities is considered the actual filing date of the document. See Houston v. Lack, 487 U.S. 266. 270-72 (1988). Under the prison mailbox rule, Plaintiff's appeal would be considered timely if delivered to prison officials on March 17, 2006, a date well within the 30 day period for filing a Notice of Appeal.

1  Plaintiff alleges that Defendants violated his due process and equal protection rights by
2  providing inadequate grievance procedures. Plaintiff alleges that he submitted a grievance against the
3  law library staff on April 9, 2006 and another grievance on April 18, 2006 concerning the delay in
4  mailing the Notice of Appeal to the BIA. Plaintiff generally alleges that Defendant Soria tampered
5  with Plaintiff's grievance package by removing some documents from the file and by failing to
6  properly investigate Plaintiff's claims. (Compl. ¶¶ 17, 18). Plaintiff further alleges that Defendant
7  Assistant Warden Clover denied him a fair and impartial hearing when he told Plaintiff to "shut his
8  mouth." Compl. ¶18(E).

9  The basic requirements of due process are the right to notice and the opportunity to be heard
10 "at a meaningful time and in a meaningful manner." Logan v. Zimmerman Brush Co., 455 U.S. 422,
11 437 (1982). The extent and manner of determining what process is due in any given situation depends
12 on "(1) the private interests at stake; (2) the risk that the procedure used will lead to erroneous results
13 and the probable value of the suggested procedural safeguard; (3) and the governmental interest
14 affected." Little v. Streeter, 452 U.S. 1 (1981); see also Matthews v. Eldridge, 424 U.S. 319, 335
15 (1976). This "balancing test" determines what the due process clause requires, even if state law or
16 prison regulations call for something different. Cleveland Bd. Of Educ. v. Loudermill, 470 U.S. 532,
17 541 (1985); Vitek v. Jones, 445 U.S. 480, 491 (1980).[3]

18 Here, ICE detainees, like Plaintiff, may pursue the grievance procedures set forth in CCA
19 Policy 14-5. (DSOF ¶25). The grievance procedure generally provides that a detainee must submit
20 a grievance to the Grievance Officer within seven days of the alleged incident. Within 15 days, the
21 Grievance Officer will cause an investigation to be conducted and render a decision on the grievance.
22 If the inmate is not satisfied with the result, the inmate may appeal to the Warden within five days of
23 receipt of the Facility Grievance Officer's decision. (DSOF ¶27).

24 The court grants summary judgment in favor of Defendants for several reasons. First,
25 Defendants have shown that Plaintiff failed to exhaust available administrative remedies prior to

---

[3] With respect to the equal protection claim, Plaintiff fails to identify any basis to believe that he was treated differently from that of similarly situated individuals. See Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).

1 commencing this action. (DSOF ¶42). As exhaustion of available remedies is a prerequisite to filing
2 a federal action, Defendants are entitled to summary judgment on this claim. See Porter v. Nussle,
3 534 U.S. 516, 525-26 (2002). Second, there is no legitimate claim of entitlement to any particular
4 grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate
5 claim of entitlement to a grievance procedure."). Finally, Defendants come forward with evidence
6 to show that each of the five grievances filed by Plaintiff were investigated, (DSOF ¶¶8, 37), and
7 therefore Plaintiff cannot prevail on this claim.

8 Lastly, to the extent Plaintiff seeks to allege a retaliation claim against Assistant Warden
9 Glover based upon his verbal threat that Plaintiff should "shut his mouth," the court finds this claim
10 does not establish either a Due Process or First Amendment claim. Such a verbal statement, like that
11 alleged here, does not constitute a constitutional violation. See Gaut v. Sunn, 810 F.2d 923, 925 (9th
12 Cir. 1987). Consequently, Defendant Glover is entitled to summary judgment on this claim.

13 In sum, the court grants summary judgment in favor of Defendants and against Plaintiff on all
14 claims. The Clerk of Court is instructed to close the file.

15 **IT IS SO ORDERED.**

16 DATED: July 2, 2008

17 _____
Hon. Jeffrey T. Miller
18 United States District Judge

cc:     All parties